## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
#### Urbana Division

| | |
|---|---|
| **JERRY CHISM,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 11-2278** |
| **CAROLYN W. COLVIN,**<br>**Acting Commissioner of Social Security,** | |
| **Defendant.** | |

### REPORT AND RECOMMENDATION

In November 2011, Plaintiff Jerry Chism, proceeding *pro se*, filed a Complaint (#1) against the Commissioner of Social Security, seeking review of the Commissioner's decision to deny Plaintiff's application for supplemental security income (SSI).  In January 2013, Plaintiff filed his Motion for Summary Judgment (#17), and, in April 2013, the Commissioner filed her Motion for an Order Which Affirms the Commissioner's Decision (#18).  Pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), the Court recommends that Plaintiff's Motion for Summary Judgment **(#17)** be **DENIED**, and that Defendant's Motion for an Order Which Affirms the Commissioner's Decision **(#18)** be **GRANTED**.

### I.  Background

On March 25, 2009, Plaintiff filed an application for SSI, alleging disability beginning February 8, 2008.  The Social Security Administration (SSA) denied his application initially and again upon reconsideration.  Plaintiff appeared *pro se* for a hearing before ALJ John M. Wood on February 16, 2011.  Plaintiff and vocational expert Teresa A. McClain testified.   In March 2011, ALJ Wood issued an unfavorable decision, finding that Plaintiff had not been under a disability since March 25, 2009, the date on which he filed his SSI application.  The Appeals Council denied Plaintiff's request for review.  The Appeals Council also noted that, since the date of the ALJ's decision, the SSA found Plaintiff disabled as of May 19, 2011, based on a separate application Plaintiff filed on May 19, 2011.  The Appeals Council concluded that the SSA's finding of disability as of May 19, 2011, did not undermine ALJ Wood's decision on March 18, 2011, that Plaintiff had not been under a disability since March 25, 2009.

### A.  Summary of the ALJ's Decision

The ALJ found that Plaintiff had not engaged in substantial gainful activity since March 25, 2009, that he had severe impairments of diabetes and obesity, and that his impairments did not meet or equal the listings.  The ALJ reasoned that Plaintiff had the residual functional capacity (RFC) to perform light work, as defined by 20 C.F.R. § 416.967(b), except that he could never climb ladders, ropes, or scaffolds; could perform other postural functions no more than occasionally; could perform manipulative functions no more than frequently; and must avoid exposure to workplace hazards such as dangerous machinery and unprotected heights.  The ALJ found that, with this RFC, Plaintiff could return to his past relevant work as a shipping and receiving weigher and, alternatively, that Plaintiff could perform other jobs that existed in significant numbers in the national economy.

### B.  Plaintiff's Claims of Error

For his Motion for Summary Judgment, Plaintiff submitted the following statement:

> Reason why I think I should get my Back Time Pay is at the time I had and was
> 1. Diabetic on Insulin
> 2. High Blood Pressure
> 3. High Cholesterol
> 4. Acid Reflux
> 5. Two Bad Wrists
> I had this at that time.

(#17.)  The Court construes Plaintiff's motion to argue that the ALJ, in evaluating Plaintiff's RFC, failed to consider Plaintiff's diabetes, high blood pressure, high cholesterol, acid reflux, and bad wrists, and the effect of these conditions on Plaintiff's ability to perform work-related activities.

### II.  Standard of Review

In reviewing an ALJ's decision, this Court does not try the case *de novo* or replace the ALJ's findings with the Court's own assessment of the evidence.  *Pugh v. Bowen*, 870 F.2d 1271, 1274 (7th Cir. 1989).  Instead, the Court must affirm the decision to deny benefits if the ALJ correctly applied the law and supported the decision with substantial evidence.  *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011).  The Supreme Court has defined substantial evidence

as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Stated differently, if reasonable minds could differ as to whether Plaintiff is disabled, the Court must uphold the ALJ's decision to deny benefits. *Books v. Chater*, 91 F.3d 972, 978 (7th Cir. 1996).

### III. Analysis

The Court finds that the ALJ adequately considered any limitations arising from Plaintiff's diabetes, high blood pressure, high cholesterol, acid reflux, and bad wrists.

The ALJ specifically addressed Plaintiff's diabetes, high blood pressure, and high cholesterol. The ALJ noted that Plaintiff's doctors reported his diabetes to be fairly well controlled with medication and that, although Plaintiff's diabetes had resulted in partial loss of kidney functioning, Plaintiff's doctor found his kidney functioning to be stable. The ALJ considered Plaintiff's high blood pressure and cholesterol but noted that there was no evidence that Plaintiff experienced any limitations as a result of these diagnoses.

Although the ALJ did not specifically consider Plaintiff's acid reflux, Plaintiff did not testify about any limitations arising from his acid reflux, and he does not explain to this Court how his acid reflux affects his ability to work.

Finally, the ALJ's RFC accommodated Plaintiff's bad wrists. Plaintiff testified that his wrists limit him to lifting no more than 20 to 30 pounds at a time. (R. 39.) The ALJ limited Plaintiff to light work, which, by definition, requires "lifting no more than 20 pounds at a time." 20 C.F.R. § 416.967(b). Thus, the ALJ's assessment is consistent with Plaintiff's testimony about how his bad wrists limited his ability to work.

Therefore, the Court concludes that the ALJ adequately considered Plaintiff's diabetes, high blood pressure, high cholesterol, acid reflux, and bad wrists, to the extent these diagnoses adversely affected Plaintiff's ability to work.

Finally, the Court notes that, although not raised as a claim of error by Plaintiff, the Commissioner concedes that the ALJ's Step Four conclusion was incorrect because Plaintiff's past relevant work history did not include working as a shipping and receiving weigher. Nevertheless, the ALJ continued on to Step Five and made an alternative finding that Plaintiff's RFC enabled him to perform other jobs.  Accordingly, the Court agrees with the Commissioner that any error at Step Four does not require remand.

## IV.  Summary

For these reasons, the Court recommends that Plaintiff's Motion for Summary Judgment **(#17)** be **DENIED**, and that Defendant's Motion for an Order Which Affirms the Commissioner's Decision **(#18)** be **GRANTED**.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal.  *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 29th day of July, 2013.

s/DAVID G. BERNTHAL
UNITED STATES MAGISTRATE JUDGE